UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTH ATLANTIC OPERATING
COMPANY, INC.; NATIONAL
TOBACCO COMPANY, L.P.

                Plaintiffs,             Case No. 17-10964
                                    Honorable Linda V. Parker

v.

EBAY SELLER DEALZ_F0R_YOU,
*et al.*,

                Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 3]

On March 28, 2017, Plaintiff North Atlantic Operating Company, Inc. and

Plaintiff National Tobacco Company, L.P. (collectively "Plaintiffs") filed this

lawsuit against Defendants.  In their Complaint, Plaintiffs claim that Defendants

have been manufacturing, distributing, and selling counterfeit versions of

Plaintiffs' ZIG-ZAG® brand cigarette paper products in Michigan and nationwide.

Plaintiffs allege that the products are inferior cigarette paper products, "sold

without any known quality control or authorization."  (ECF No. 1 at Pg ID 5.)

The Complaint includes the following counts: (1) federal trademark infringement;

(2) false designation of origin, unfair competition, and trademark and trade dress

infringement; (3) copyright infringement; (4) improper use under Mich. Comp.

Laws § 429.42; (5) unfair competition under Mich. Comp. Laws § 445.903; and (6)

common law unfair competition. (*Id.* at Pg ID 75-85.)

Before the Court is Plaintiffs' Emergency *Ex Parte* Motion for Temporary

Restraining Order ("TRO"), Preliminary Injunction, and Other Relief filed

pursuant to Federal Rule of Civil Procedure 65(b). (ECF No. 3.) Plaintiffs seek a

TRO that would: (1) restrain Defendants' continued trade in counterfeit ZIG-

ZAG® brand products; (2) disable and freeze access to Defendants' online

merchant and payment accounts (to ensure that evidence is preserved and no

further sales of counterfeit goods are made); and (3) restrain Defendants' assets to

preserve Plaintiffs' right to an equitable accounting. (*Id.* at Pg ID 158.) This

Court held an ex-parte hearing on the matter on April 26, 2017.

Having reviewed the pleadings, supporting affidavits, and other records

submitted in support of the motion, and carefully considered the evidence at the

ex-parte hearing, Plaintiffs' motion will be **GRANTED**. Plaintiffs shall serve a

copy of this Order, along with the TRO motion, to Defendants.

## I.      Legal Standard for Temporary Restraining Orders

"Temporary restraining orders and preliminary injunctions are extraordinary

remedies designed to protect the status quo pending final resolution of a lawsuit."

*Richardson v. Wells Fargo Bank, NA*, No. 13–cv–10234, 2013 WL 3367434, at *2

(E.D. Mich. July 5, 2013). The same factors are considered in determining whether to issue a TRO or a preliminary injunction. *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir.2008). The court must consider the following factors when considering whether to issue a TRO or preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.*; *see also In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). "[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

Plaintiffs request that this Court issue a temporary restraining order pursuant to the Lanham Act. The Lanham Act provides that:

(1) Any person who shall, without the consent of the registrant-

> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in

commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1)(a)-(b).

When evaluating a claim brought under the Lanham Act, the Sixth Circuit uses "the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin: the likelihood of confusion between the two marks." *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (citing *Two Pesos v. Taco Cabana*, 505 U.S. 763, 780 (1992)). "The touchstone of liability under § 1114 is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997). The court must consider the following factors in determining whether there is a likelihood of confusion:

(1) the strength of plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines.

*Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 599-600 (6th Cir. 1991). No one factor is dispositive; "a plaintiff need not show that all, or even most of the

factors listed are present in any particular case to be successful." *Id.* (internal

citation omitted). "A finding of irreparable injury ordinarily follows when a

likelihood of confusion or possible risk to reputation appears. *Id.* at 608 (internal

citations omitted).

### A. Likelihood of Success on the Merits

Plaintiffs are likely to succeed on the merits. The Sixth Circuit provided eight

factors to consider when determining there is a likelihood of confusion:

> (1) the strength of plaintiff's mark; (2) relatedness of the goods; (3)
> similarity of the marks; (4) evidence of actual confusion; (5)
> marketing channels used; (6) likely degree of purchaser care; (7)
> defendant's intent in selecting the mark; and (8) the likelihood of
> expansion of the product lines.

*Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 599-600 (6th Cir. 1991).

First, the Court notes that the products Defendants are selling look identical to

Plaintiffs' products. The declaration of John Hood includes exhibits of the

purchases made during the course of the investigation. The items purchased bear

the ZIG-ZAG® name and use packaging with the same images that are

trademarked and licensed by Plaintiffs. (*See, e.g.*, ECF Nos. 4-3 at Pg ID 279,

290; 4-4 at Pg ID 306.)

Next, the evidence of actual confusion is demonstrated by the customer

complaints received by Plaintiffs. As mentioned in the Gnadinger declaration,

Plaintiffs have received complaints that the products sold by Defendants "(1) use

cheap, yellowed glue that does not adhere properly; (2) have a fast burn rate and an inconsistent burn pattern; (3) have a distinct chemical taste and aroma when smoked; and (4) are housed in booklets or cartons that are stiff, glossy, poorly constructed, and quickly fall apart." (Sealed Decl. of Steve Gnadinger at Pg ID 1462.) Therefore, Plaintiffs have a strong likelihood of succeeding on the merits

## B.    Immediate and Irreparable Injury

Plaintiffs have shown there is immediate and irreparable injury if *ex parte* relief is not granted. Through the use of investigators, Plaintiffs have established that Defendants are manufacturing, distributing, and selling counterfeit products that resemble Plaintiffs' products. Gnadinger's declaration details thoroughly the purchase of the counterfeit products by each defendant. Using his expertise and knowledge of the product, Gnadinger was able to demonstrate how these items are counterfeit and list customer complaints. These complaints may lead to consumers choosing to purchase products from another company. Plaintiffs' injury to their reputation will continue unless relief is granted.

## C.    Substantial Harm to Others

The harm in issuing the TRO against Defendants for manufacturing, distributing, or selling counterfeit products is not outweighed by the harm Plaintiffs will suffer if the sale of the counterfeit products continues. Defendants are not entitled to sell counterfeit products. The continued distribution/sales of the

counterfeit products will continue to hurt Plaintiffs' reputation. Without granting Plaintiffs' relief, Plaintiffs run the risk of losing customers who will switch to another product.

### D. Whether Public Interest is Served

The public interest is served by the issuance of the injunction. As Plaintiffs note, consumers have filed complaints about the counterfeit products they have received. Some have experienced physical injury due to the inferior quality, such as burns. Further, Gnadinger's affidavit demonstrates that customers have suffered confusion by purchasing the counterfeit products, believing that they were authentic ZIG-ZAG® products.

## II. Plaintiffs' Request for Other Relief

In addition to an *ex parte* temporary restraining order, Plaintiffs also request an asset restraining order, an expedited discovery order, and an order permitting service by alternate means. For the reasons stated below, the Court will grant this additional relief.

### A. Asset Restraint

Plaintiffs request that this Court issue an order restraining Defendants' assets, including but not limited to, those within their PayPal accounts, to ensure an equitable accounting of Defendants' profits from their counterfeit sales. (ECF No. 3 at Pg ID 174.)

Plaintiffs note that courts within this district have granted such orders restraining assets to prevent Defendants from transferring or hiding their financial assets, including in a prior case filed by Plaintiffs. *See North Atlantic Operating Co., Inc. et al. v. Scott*, No. 16-12076, 2016 WL 8671223 (E.D. Mich. Jul. 1, 2016); *see also United States SEC v. Bravata*, No. 09-12950, 2009 WL 2245649 at *2 (E.D. Mich. Jul. 27, 2009) (ordering a restraint on assets ex parte). The Court therefore is granting Plaintiffs' request.

### B. Expedited Discovery

Plaintiffs also request that the court authorize limited expedited discovery to allow Plaintiffs to determine the identity of Defendants and their online accounts, as well as understand the nature and extent of Defendants' counterfeiting more fully. (ECF No. 3 at Pg ID 158.) Currently Plaintiffs have identified Defendants by their usernames on eBay, Amazon, and Bonanza. (*Id.* at Pg ID 176.) Plaintiffs request that this Court allow expedited discovery upon third party providers including, but not limited to, eBay, Amazon, Bonanza, and PayPal. Under Federal Rule of Procedure 26(d)(1), a party may not seek discovery before the parties have had their Rule 26(f) conference unless by court order. Fed. R. Civ. P. 26(d)(1).

Without expedited discovery, Plaintiffs will likely be unable to confirm the identities of Defendants. The Court therefore grants Plaintiffs' request for expedited discovery.

### C. Service by Alternate Means

Lastly, Plaintiffs request that this Court issue an order permitting service of process by alternative means. Plaintiffs state that there is good cause to serve Defendants by email, other electronic means such as an online message service, and/or by overnight courier to ensure that the proper parties receive the documents. (ECF No. 3 at Pg ID 178.)

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Michigan law provides that "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." M.C.R. 2.105(I). Courts in this district have permitted service of process by email and other alternative methods in cases where Defendants conducted business online or via email. *See Elcometer, Inc. v. Tqc-Usa, Inc.*, No. 12-cv-14628, 2013 WL 592660 at *2 (E.D. Mich. Feb. 14, 2013) (permitting service by email); *McCluskey v. Belford High Sch.*, No. 2:09-cv-14345, 2010 WL 2696599 (E.D. Mich. Jun. 24, 2010) (permitting service by email, fax, and "live chat" on Defendants' website).

This Court grants Plaintiffs' request for alternate service. Plaintiffs have communicated with the Defendants through their investigators by electronic means. Service by the same means will ensure that every Defendant named in this action will receive notice of this action.

With these limitations in mind and in light of the evidence on this record, the Court enters the following ex parte orders:

## <u>ORDER TO SHOW CAUSE</u>

**IT IS HEREBY ORDERED THAT, Defendants shall appear and show cause before this Court** on **Tuesday, May 16, 2017, at 12:00 p.m., at 600 Church Street, Flint, Michigan,** why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 should not be issued, which injunction would enjoin and restrain Defendants, their agents, their servants, their employees, and their officers, and all those acting in concert or participation with them, who receive actual notice by personal service or otherwise, pending the final hearing and determination of this action, from directly or indirectly, anywhere in the world:

1. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any counterfeit or infringing ZIG-ZAG® brand cigarette paper products, including but not limited to

ZIG-ZAG® 1 ¼ Size French Orange ("ZIG-ZAG® Orange"), or any

cigarette paper products bearing:

a. Infringing or counterfeit versions of the ZIG-ZAG® Trademarks[1], the NAOC® Trademarks[2], the NAOC© Copyright[3], and/or the ZIG-ZAG® Orange Trade Dress[4], which appear alone or in combination on all cartons and booklets of ZIG-ZAG® Orange cigarette paper products distributed by North Atlantic in the United States; or

b. The false statement that such products are "Distributed by North Atlantic Operating Company, Inc." or otherwise under the control or supervision of North Atlantic, when they are not;

---

[1] Defined as the marks of U.S. Registration Nos. 610,530 (ZIG-ZAG (stylized)); 1,127,946 (ZIG-ZAG (Word Mark)); 2,169,540 (Smoking Man Design (Circle Border)); 2,169,549 (Smoking Man Design (No Border)).

[2] Defined as the marks of U.S. Registration Nos. 2,664,694 and 2,664,695 (NORTH ATLANTIC OPERATING COMPANY INC. and Gear Design); and 2,610,473 and 2,635,446 (NORTH ATLANTIC OPERATING COMPANY (Word Mark)).

[3] Defined as the work of the federal copyright registration for the visual material/computer graphic titled "North Atlantic Operating Company, Inc." (VAu 464-855).

[4] Defined as the distinctive design elements comprising the overall look and feel of ZIG-ZAG® Orange packaging (booklets and cartons), including at least the following: (1) ZIG-ZAG® and NAOC® Trademarks, (2) NAOC© Copyright, (3) gold-fill lettering and design elements, (4) French phrases such as "Qualite Superieure" and "Braunstein Freres France," and (5) the express statements that the products are "Made in France" or "Imported French", or "Distributed by North Atlantic Operating Company, Inc."

2. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any purported North Atlantic products that are not actually produced, imported, or distributed under North Atlantic's control or supervision, or approved for sale in the United States by North Atlantic in connection with the ZIG-ZAG® Trademarks, the NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress, in connection with cigarette paper products;

3. Committing acts calculated to cause purchasers to believe that counterfeit or infringing ZIG-ZAG® cigarette paper products, including counterfeit ZIG-ZAG® Orange, originate with North Atlantic when they do not;

4. In any way infringing or damaging the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress, or the value or goodwill associated therewith, in connection with cigarette paper products;

5. Attempting, causing, or assisting in any of the above-described acts, including but not limited to, enabling others in the above-described acts or passing on information to allow them to do so;

6. Destroying, altering, deleting, or otherwise disposing of any documents, records, or electronically stored information concerning the manufacturing,

making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or other distribution or disposal of any cigarette paper product that has been, or is intended to be, sold in packaging containing, displaying, or bearing the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress;

7. Forming or causing to be formed any corporation or other entity that engages in the above-described acts;

8. Accessing, using, linking to, transferring, selling, exercising control over, or otherwise owning the eBay seller accounts, Amazon seller accounts, or Bonanza seller accounts shown in <u>Attachment 1</u>, or any other online marketplace, e-commerce, or merchant account that is, or could be, the means by which Defendants manufacture, make, buy, purchase, import, ship, deliver, advertise, market, promote, offer to sell, sell, or otherwise distribute or dispose of, in any manner, any counterfeit or infringing ZIG-ZAG® Orange products;

9. Accessing, using, linking to, transferring, selling, exercising control over, or otherwise owning the PayPal accounts associated with the names and e-mail addresses shown in <u>Attachment 1</u>, or any other online payment processing or financial account that is, or could be, the means by which

Defendants manufacture, make, buy, purchase, import, ship, deliver, advertise, market, promote, offer to sell, sell, or otherwise distribute or dispose of, in any manner, any counterfeit or infringing ZIG-ZAG® Orange products; and

10. Accessing, transferring, or disposing of any assets, subject to any Defendant's provision of an accounting of assets over $1,000 and uncontradicted, documentary proof that such particular assets are not proceeds of such Defendant's counterfeiting activities relating to ZIG-ZAG® cigarette paper products.

## **TEMPORARY RESTRAINING ORDER**

Pending the hearing on North Atlantic's motion for preliminary injunction and further order of this Court, Defendants and their principals, agents, directors, members, servants, employees, successors, and assigns, and all other persons in active concert or participation with them (collectively, the "Restrained Parties") shall, upon service in the manner described below or actual notice of this Order, be immediately temporarily restrained from:

A. Committing any of the acts set forth in Paragraphs 1 – 11 above;

B. Moving, altering, destroying, or otherwise disposing of any documents, records, communications, and electronic data stored within any of Defendants' eBay, Amazon, Bonanza, PayPal, or other online marketplace,

e-commerce, merchant, or payment processing account, in any way relating to Defendants' manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any counterfeit or infringing ZIG-ZAG® Orange products; to Defendants' online storefronts; or to Defendants' assets and operations; or relating in any way to any reproduction, counterfeit, copy, or colorable imitation of the ZIG-ZAG® Trademarks, the NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress, in connection with cigarette paper products;

C. Accessing any online accounts used in the manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or other distribution or disposal of any ZIG-ZAG® brand cigarette paper products (whether counterfeit or genuine), including but not limited to accounts on eBay, Amazon, Bonanza, PayPal, and any other online marketplace, e-commerce, merchant, payment processing, or financial account associated with any of the named Defendants; and

D. Accessing any accounts used in the transfer of money or electronic currency in connection with the purchase, sale, or other distribution of counterfeit

ZIG-ZAG® cigarette paper products, including but not limited to any and all PayPal, Western Union, bank, or third-party payment processing service provider accounts associated with any of the named Defendants.

Upon service as provided for in this Order, the Restrained Parties shall be deemed to have actual notice of the issuance and terms of the Temporary Restraining Order, and any act by any of the Restrained Parties in violation of any of the terms of the Temporary Restraining Order may be considered and prosecuted as contempt of Court.

**IT IS FURTHER ORDERED THAT**, the Restrained Parties shall immediately turn over to North Atlantic, or any person or entity designated by them, all counterfeit ZIG-ZAG® Orange cigarette paper products, or any cigarette paper products bearing counterfeit or infringing versions of the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, the ZIG-ZAG® Orange Trade Dress, or the false statement that such products are "Distributed by North Atlantic Operating Company, Inc.", in their possession, custody, or control.

**IT IS FURTHER ORDERED THAT,** the Restrained Parties shall each produce to North Atlantic a completed, signed, and sworn document, in the form attached hereto as Attachment 2.

**IT IS FURTHER ORDERED THAT,** any party in privity with or providing services to Defendants, or in connection with any Defendant's online

marketplace, e-commerce, merchant, payment processing, or related financial accounts, including but not limited to eBay, Amazon, Bonanza, Rakuten, Facebook Inc., internet service providers, web hosts, sponsored search engine or ad word providers, PayPal, Venmo, Alibaba, DHGate, Western Union, banks, and other payment processing service providers (collectively, "Third Party Providers") shall, within five (5) days after actual notice of this Order, provide to North Atlantic expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

1. The identities and addresses of the Restrained Parties, and the locations and identities of the relevant Defendant's operations, including without limitation identifying information associated with any Defendant's eBay, Amazon, Bonanza, and PayPal accounts, and any and all other online marketplace, e-commerce, merchant, or payment processing accounts, and related financial accounts;

2. Any and all known Internet websites on which Defendants trade in ZIG-ZAG® cigarette paper products (whether counterfeit or genuine);

3. Any and all known domain names registered by Defendants (or any of them);

4. Any and all financial accounts used in connection with the distribution of ZIG-ZAG® cigarette paper products owned or controlled by the

Restrained Parties, including such accounts residing with or under the control of any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions that receive or process payments or hold assets on any Defendant's behalf, including without limitation PayPal or Western Union, Money Gram International, Visa, MasterCard, Discover, Venmo, or American Express.

**IT IS FURTHER ORDERED THAT**, Third Party Providers, specifically including but not limited to eBay, Amazon, Bonanza, Alibaba, DHGate, and PayPal, shall, within twenty-four hours after receiving actual notice of this Order:

A. Freeze all access of each and every Defendant to any and all of their accounts associated with the unauthorized trade in ZIG-ZAG® cigarette paper products (*see* Attachment 1), by temporarily disabling these accounts and making them inactive, inaccessible to Defendants, and non-transferable pending further order from this Court;

B. Disable and cease displaying any advertisements used by or associated with Defendants, or any of them, in connection with the sale of counterfeit or infringing ZIG-ZAG® cigarette paper products; and

C. Take all steps necessary to prevent links to the eBay, Amazon, Bonanza, and related PayPal accounts identified in Attachment 1 from displaying

in search results, including but not limited to removing links to these accounts from any search index.

**IT IS FURTHER ORDERED THAT,** Defendants and any Restrained Party who has actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets obtained from the unauthorized sale of counterfeit or infringing ZIG-ZAG® brand cigarette paper products until further order of this Court.

**IT IS FURTHER ORDERED THAT,** Third Party Providers, specifically including but not limited to PayPal, banks, payment processors, and other financial institutions who receive actual notice of this Order, shall immediately locate all accounts and funds owned or operated by, or otherwise associated with, Defendants (or any of them), and each of their merchant accounts or websites, including but not limited to any PayPal accounts connected to the names listed in Attachment 1 hereto, and that such accounts be frozen, disabled, restrained, and enjoined from transferring or disposing of any money or other of Defendants' assets, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiffs' counsel:

1. An accounting of any and all of such Defendant's assets located in the United States having a value of one thousand dollars ($1,000) or more, and the location and identity thereof; and

2. Uncontradicted documentary proof accepted by North Atlantic (such acceptance will not be unreasonably withheld) that particular assets are not proceeds of such Defendant's counterfeiting activities, in which case those particular assets shall be released to such Defendant.

**IT IS FURTHER ORDERED THAT**, upon three (3) business days' written notice to the Court and North Atlantic's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets.

**IT IS FURTHER ORDERED THAT,** good cause having been shown, North Atlantic may serve upon all Defendants and upon any necessary third party the documents initiating this matter, including the Complaint, Summons(es), *Ex Parte* Motion and supporting papers (including Declarations), Motion to Seal and Order thereon, North Atlantic's corporate disclosure statements, and the Orders herein, by e-mail or other electronic means, and/or by overnight courier, when practicable, to the degree necessary to ensure and effectuate service.

**IT IS FURTHER ORDERED,** that North Atlantic post an undertaking within five (5) business days of the entry of this Order with the Clerk of the Court in the form of a bond, cash, or check in the sum of $10,000.00, as security for the

payment of such costs and damages as may be incurred or suffered by any party as a result of a wrongful restraint hereunder.

**IT IS FURTHER ORDERED THAT,** the Temporary Restraining Order shall remain in effect until the date set for hearing on the preliminary injunction set forth above, or such further dates as set by the Court, unless Defendants stipulate, or do not object, to a preliminary injunction.

## OPPOSITION, REPLY PAPERS, AND SERVICE

**IT IS FURTHER ORDERED THAT,** service of the Summons(es), Complaint, this Order to Show Cause and Temporary Restraining Order, and copies of the papers in support thereof, be made on Defendants no later than **Wednesday, May 10, 2017.**

**IT IS FURTHER ORDERED THAT**, opposition papers, if any, be filed by the Defendants with this Court and served by personal service, notice of electronic filing, facsimile, or e-mail upon North Atlantic's counsel, Warner Norcross & Judd LLP, at their offices at 45000 River Ridge Drive, Suite 300, Clinton Twp., Michigan 48038, and Venable LLP, at their offices at 1270 Avenue of the Americas, 24th Floor, New York, New York 10020, on or before **Friday, May 12, 2017,** and reply papers shall be filed and served in the equivalent manner on or before **Monday, May 15, 2017.**

**IT IS FURTHER ORDERED THAT,** Defendants are hereby put on notice that failure to attend the preliminary injunction hearing scheduled herein shall result in the issuance of a preliminary injunction, and that failure of Defendants to oppose the Order to Show Cause by **Friday, May 12, 2017**, the date Defendants' opposition papers are due, may result in the issuance of a preliminary injunction, which shall extend through the pendency of this action, depending on whether or not Defendants' appear as directed for the preliminary injunction hearing.  The Restrained Parties shall be deemed to have actual notice of the issuance and terms of the preliminary injunction, and any act by any of the Restrained Parties in violation of any of the terms of the preliminary injunction may be considered and prosecuted as contempt of Court.

**IT IS FURTHER ORDERED THAT,** all papers submitted in this action shall be filed with the Clerk of Court under seal, and shall remain filed under seal until further order of this Court.

**IT IS SO ORDERED**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 3, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 3, 2017, by electronic and/or U.S.

First Class mail.

s/ R. Loury

Case Manager

**Temporary Restraining Order – Attachment 1**

| Online Seller Account | Names(s) Associated with the PayPal Account(s) | Associated Email Address (if any) |
|---|---|---|
| eBay Seller dealz_f0r_you | dealz4you | dealz4you123@yahoo.com |
| eBay Seller rafatsawaged91 | Ralphie Sawaged | rafat.sawaged.91@gmail.com |
| eBay Seller shypanmar | Shygirlseller | shygirlseller@gmail.com |
| eBay Seller ste-b7uvarr | Electronics4you | Clarencesteele958@yahoo.com |
| eBay Seller rafarooqu0 | Zee international autos | riyadhfarooqui@gmail.com |
| eBay Seller sellerdoor401_5 | James Marshall, Brumbo Imports | Bmarshall401@icloud.com |
| eBay Seller brumbo.imports | Brandon Marshall, Brumbo Imports | b401marshall@gmail.com |

| Online Seller Account | Names(s) Associated with the PayPal Account(s) | Associated Email Address (if any) |
|---|---|---|
| eBay Seller sportstaz0937 | eBay, Steve Cisyk | taz7uk@aol.com |
| eBay Seller swaggypoo544-7 | N/A | swaggypoo544@gmail.com |
| eBay Seller terrrrrapinstation | James Eberhard | chummer33@gmail.com |
| eBay Seller waterpipeworld | JC | dabongbros1@gmail.com |
| eBay Seller watersupplyesandmore1017 | N/A | aragatswater@hotmail.com |
| eBay Seller crescentcitydeals | Brady Flynn | dealsindapoint@yahoo.com |
| eBay Seller californiarollin | Robert Wilson | wilsonrobertr22@gmail.com |
| eBay Seller plurfectsales | Robert Wilson | wilsonrobertr22@gmail.com |

| Online Seller Account | Names(s) Associated with the PayPal Account(s) | Associated Email Address (if any) |
|---|---|---|
| eBay Seller mikeybabsstore-1 | Michael Harrison, and mikeybabsstore1 | mikeybabsstore@gmail.com |
| eBay Seller mrnofun77 | Nathan Bartlett | natebar77@yahoo.com |
| eBay Seller peglegcraig | | goodbuys@yahoo.com |
| eBay Seller phillyphillworld | philly phill world inc. | pjackson1751@yahoo.com |
| eBay Seller lgreen311 | Larry D. Greenlee | lgreen311@windstream.net |
| eBay Seller lingchawong_usa | Jonas Ng | jonasng0720@gmail.com |
| eBay Seller mira.hair.care | Ross Livaccari, Deb's Beauty Supply | miraoilherbal@gmail.com |
| eBay Seller nationalpleasures | Matt Peyman | mattpeyman@gmail.com |

| Online Seller Account | Names(s) Associated with the PayPal Account(s) | Associated Email Address (if any) |
| --- | --- | --- |
| eBay Seller 8givemeliberty8 | Preston Lipe | prestonlipe@aol.com |
| eBay Seller 71_hilea | HIGHLEAF | highleaf420@yahoo.com |
| eBay Seller bigr1974 | Ryan Parisian | ryguy-420@hotmail.com |
| eBay Seller highlifepapers | Ryan Parisian | ryguy-420@hotmail.com |
| eBay Seller bladin4life123 | Eddy Garza | soccersk8@hotmail.com |
| eBay Seller schawla5 | Sam Chawla | support@nririshtay.com<br><br>schawla5@yahoo.com |
| eBay Seller houstrad | Khurram Ilyas | khurram4828@gmail.com |
| eBay Seller balkees2011 | Hasan Alzubidi, and Arizona Tobacco | safaalzubidi2014@yahoo.com |

| Online Seller Account | Names(s) Associated with the PayPal Account(s) | Associated Email Address (if any) |
|---|---|---|
| Amazon Seller AM.H. | N/A | N/A |
| Amazon Seller Items2yourdoor | N/A | N/A |
| Amazon Seller PTL Sales | N/A | N/A |
| Amazon Seller Rolling Bargains Inc. | N/A | N/A |
| Amazon Seller SZ POWER | N/A | N/A |
| Amazon Seller The Virtuous Company | N/A | N/A |
| Amazon Seller Time.4.Toys | N/A | N/A |
| Amazon Seller NicholeRoundtree | N/A | N/A |
| Amazon Seller CoCo-Code | N/A | N/A |
| eBay Seller quantumshipment | Speedtronics; Darren Yau | Quantumshipments@gmail.com |

| Online Seller Account | Names(s) Associated with the PayPal Account(s) | Associated Email Address (if any) |
|---|---|---|
| Amazon Seller Help Feed My Kids | N/A | N/A |
| eBay Seller giftstoyourdoor | Gifts 2 Shop | backstrecords2@yahoo.com |
| eBay Seller cardsfrfun | Gifts 2 Shop | cardsfrfun@yahoo.com |
| Amazon Seller gifts2shop | n/a | n/a |
| Bonanza Seller Backstrecords | Andrew Krenicki Sr.; | cardsfrfun@yahoo.com |
| Bonanza Seller giftstoshop | Jack Krenicki | backstrecords2@yahoo.com<br><br>musicforever1960@yahoo.com |
| eBay Seller nick215 | Nicholas Adams | nick4227@verizon.net |
| Amazon Seller Mary Janes Glass Works | N/A | N/A |
| eBay Seller googly52 | Qadir Jangda | encrypted14@hotmail.com |

| Online Seller Account | Names(s) Associated with the PayPal Account(s) | Associated Email Address (if any) |
|---|---|---|
| | | |
| Amazon Seller Lowest Priced Tests | N/A | N/A |
| eBay Seller ah19612015 | A.H | amin-hamo@hotmail.com |
| Amazon Seller R.M Store | N/A | N/A |
| eBay Seller aiva1326 | AIVA LLC, ALLPRICE4YOU | deal4friend@gmail.com |
| Bonanza Seller aiva2227 | AIVA LLC, ALLPRICE4YOU | deal4friend@gmail.com<br><br>aiva2227@gmail.com |
| eBay Seller beautyqueen116 | Daniel DeFranco | bellywrapqueen@yahoo.com |
| Amazon Seller GIGI LTD. | N/A | N/A |

**SWORN STATEMENT OF DEFENDANT _____**
**COMPLYING WITH TEMPORARY RESTRAINING ORDER AND ORDER**
<u>**GRANTING LIMITED EXPEDITED DISCOVERY**</u>

This document refers to the distribution of all ZIG-ZAG® products, in relation to the temporary restraining order issued by the Honorable Linda V. Parker.

1. **A. Legal Name:** _____

**B. Assumed Name(s)/Nickname(s):** _____
_____

    **C. Current Residential Address:** _____
_____

    **D. Current Business Address:** _____

_____

2. **A. All websites owned, operated, or used by Defendant _____:**

| Website Name/Title | Domain Name | Domain Name Registrant | Web Host |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional pages if necessary.)

**B. All online marketplace accounts owned, operated, or used by Defendant _____:**

| Platform/Online Marketplace (*e.g.*, eBay, Amazon, Bonanza, PayPal, DHGate) | Account Handle | Name(s) Associated with Account | E-mail Address(es) Associated with Account |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(Attach additional pages, if necessary.)

**3. All financial accounts owned or utilized by Defendant _____:**

| Financial Institution (*e.g.*, Chase, Wells Fargo, TD) | Account Number | Account Type |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional pages, if necessary.)

**4. Summary of Purchases/Other Transactions in which Defendant _____ Obtained Any ZIG-ZAG® Cigarette Paper Products in the Preceding Twenty-Four (24) Months and Attaching Copies of All Correspondence with the Source/Supplier (*e.g.*, E-mails, Text Messages, and Other Private Messages):**

| Date of Transaction | Quantity of ZIG-ZAG® Cigarette Paper Products Obtained (in Cartons or Booklet Amounts) | Name of Source/Supplier | Address of Source/Supplier | All Known E-Mail Addresses, Telephone Numbers, Account Names, Other Contact Information for Source/Supplier |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

(Attach additional pages, if necessary; number of pages of correspondence attached _____.)

**5. Written Authorization to Release Account Information Directly to Third Party:**

I, _____, the sole and principal owner of the businesses and online accounts identified above, hereby expressly authorize my online service providers, including (1) eBay, Inc., (2) Amazon.com, Inc., (3) Bonanza, (4) PayPal, Inc., and (5) DHGate or DHPay, Inc., to release, directly to the Recipient (defined below), all records showing all transactions (purchases and sales) during the relevant Time Period (defined below) for the above-listed accounts.  I agree to provide whatever additional information or assistance that is necessary to allow my service providers to release the transaction (purchase and sale) records directly to the Recipient.

**Recipient:** North Atlantic Operating Company Inc.

National Tobacco Company, L.P.

c/o Venable LLP

Attn:   Victoria R. Danta, Esq.

1270 Avenue of the Americas, 25th Floor

New York, New York  10020

Tel.: 212-370-6248 | Facsimile: 212-307-5598 | VRDanta@Venable.com

**Time Period:** Preceding twenty-four (24) months

Dated: _____, 2017          By: _____

Signed and sworn before me this ___ day of _____, 2017

_____

My commission expires on

_____