UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NORTH ATLANTIC OPERATING COMPANY, INC., et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>EBAY SELLER DEALZ_F0R_YOU, et al.,<br><br>     Defendants. | Civil Action No. 17-10964<br><br>**Honorable Linda V. Parker** |

## DECLARATION OF LYNDSAY S. OTT
## IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO THE MARSHALL DEFENDANTS ON THE ISSUE OF <u>ATTORNEYS' FEES AND COSTS</u>

I, Lyndsay S. Ott, declare:

1. I am over eighteen (18) years old.

2. The facts in this Declaration are based on my personal knowledge after an investigation.

3. If called to testify, I would testify competently hereto.

4. I am a licensed Michigan attorney admitted in the Eastern District of Michigan.

5. I am senior counsel at the law firm of Warner Norcross + Judd LLP ("WNJ"), counsel for Plaintiffs North Atlantic Operating Company, Inc. and

National Tobacco Company, L.P. (collectively, "North Atlantic"), along with Venable LLP ("Venable"). I am the primary attorney responsible for this client and matter at WNJ.

6.  I personally reviewed all billing records in this case, which were kept and maintained in the normal course of business.

7.  Additionally, it was the normal course of business to record the time entries in these billing records.

8.  The records and time entries were made at, or near, the time of billing, or reasonably soon after the legal services were performed.

9.  Portions of this Declaration are based on my review of WNJ's billing records, and my examination of the appropriate rules of professional conduct and case law related to attorneys' fees recovery under the Lanham Act and in default judgment proceedings.

**WNJ Fees and Costs**

10. Attached as **Exhibit A** is a current copy of my WNJ attorney biography. Before joining WNJ, I was an associate at O'Reilly Rancilio P.C., where I focused on general litigation. Since joining WNJ, my practice has broadened and includes a wide range of experience, including trademark and copyright litigation. Since 2015, I have represented North Atlantic and other

clients in anti-counterfeiting matters.

11. Among other tasks, during this case, I served as local counsel and provided local, strategic consulting to Venable and North Atlantic on most aspects of the litigation, including: Case Management; drafting and filing North Atlantic's pleadings ("Pleadings"); drafting and filing North Atlantic's *ex parte* application for temporary restraining order ("TRO"), seizure order, order to show cause for preliminary injunction, order for expedited discovery, and order for alternative service ("*Ex Parte* Application"); preparing for, and attending, the TRO hearing ("TRO Hearing") and the preliminary injunction hearing ("PI Hearing"); serving all pleadings and the TRO, in compliance with the Court's orders ("Serve Pleadings and TRO, and Implement TRO"); negotiating with Defendants, and supervising the review/analysis of expedited discovery materials ("Negotiate with Defendants" and "Review/Analyze Expedited Discovery," respectively); drafting and filing status reports to the Court ("Status Reports"); drafting and filing Plaintiffs' Requests for Clerk's Entries of Default and Motion for Default Judgment ("Entries of Default" and "Default Judgment Motion," respectively) including without limitation the Default Judgment papers as to Brandon James Marshall, a.k.a. Brandon Marshall, James Marshall, Brumbo Imports, eBay Seller brumbo.imports, and, eBay Seller sellerdoor401_5

3

(collectively, the "Marshall Defendants").

12. I have experience in, and am familiar with, the work required of attorneys in cases like this involving online counterfeiting, willful violations of the Lanham Act and U.S. Copyright Act of 1976, and willful defaults. I also am familiar with fees charged by attorneys handling similar matters, including attorneys in Michigan.

13. I am familiar with the representation WNJ provided to North Atlantic in connection with the Proceedings, and I either conducted or supervised the legal work that WNJ attorneys and other professionals performed on this matter in connection with the Proceedings.

14. The following WNJ attorneys assisted me, on a limited basis, in connection with the Proceedings: David Eberhard (partner), Brian Wassom (partner) and Daniel Brick (associate).

15. David Eberhard and Brian Wassom, both partners at WNJ, provided high-level strategic counseling and advice in connection with this lawsuit, and the Pleadings, *Ex Parte* Application, TRO Hearing, and PI Hearing, in particular. *See* current WNJ attorney biography of Mr. Eberhard and Mr. Wassom, attached within Exhibit A.

16. Daniel Brick (associate) also all assisted with the case on a very

4

limited basis. Daniel Brick assisted with the filing of the initial pleadings.

17. Paralegal Christine Selewski also supported us in the Proceedings.

18. While additional WNJ attorneys assisted with tasks concerning the contempt proceedings involving the Chawla Defendants in this case, and the service and enforcement of the third-party subpoena and related motions on third-party Dunhuang Group, those billing entries and fees are omitted from this declaration as they relate to unique issues involving this case.

17. The WNJ attorneys' normal and usual hourly rates are as follows:

| Attorney | Hourly Rate(s) from 2017-2019 |
|---|---|
| Lyndsay S. Ott | $300 - $360 |
| David Eberhard | $495 - $545 |
| Brian Wassom | $415 - $465 |
| Daniel Brick | $270 - $290 |

The majority of the work was done by me.

18. Based on my education, training, and experience, the rates of WNJ attorneys, including myself, are in line with market rates for similarly experienced IP attorneys and litigators working on IP dispute matters in Michigan. The hours expended are reasonable for the work that needed to be performed.

19. The hourly rates that WNJ attorneys charge fall within the range of hourly rates that other Michigan lawyers in private practice charge, according to State Bar of Michigan's 2017 Economics of Law Practice Attorney Income and Billing Rate Summary, attached as **Exhibit B**.

20. According to the 2017 State Bar of Michigan's Summary, for law firms in Macomb County (the office of WNJ that works on this lawsuit), the median rate charged by lawyers is $250 per hour, regardless of experience. This rate increased to $300 per hour for more experienced attorneys in the 75th percentile and $425 per hour for those attorneys in the 95th percentile. WNJ is a large, state-wide law firm with offices throughout Michigan, including, without limitation, Macomb County and Oakland County. For attorneys of all levels, the median billing rate for IP lawyers in Michigan is reported as $318 per hour, with an increase to $398 per hour for the 75th percentile and $565 per hour for the 95th percentile.

21. A spreadsheet summarizing WNJ billing through January 29, 2020 is attached as **Exhibit C**. It contains work descriptions and a summary of the work performed described using the Proceedings defined in Paragraph 11, above. The spreadsheet accurately reflects WNJ's work in connection with this

6

case and the Proceedings. Excerpts of invoices can be submitted for *in camera* review upon the Court's request.

22. Additionally, North Atlantic only requests prorated fees/costs in connection with the Proceedings. First, WNJ reviewed its billing entries and disbursed costs for fees and costs that were appropriate to recover from the Defaulted Defendants, *e.g.*, fees and costs involved in investigating and bringing this action, obtaining emergency injunctive relief, and pursuing default judgments.

23. For work on the case as a whole, North Atlantic divided each billing entry and disbursed cost by forty-three (43), as there are 43 groups of Defendants in this action (18 groups of litigating or dismissed Defendants, and 26 groups of Defaulting Defendants, with each group consisting of an individual person, an online seller account name/handle, and an associated business name. Then, North Atlantic multiplied by twenty-six (26), as there are 26 groups of Defaulting Defendants in these default judgment proceedings. Thus, North Atlantic has calculated the Defaulting Defendants' fair share of the fees and costs for work on the case as a whole. *See* **Exhibit C**.

24. For work on default judgment proceedings, North Atlantic divided each billing entry and disbursed cost by twenty-six (26), as there are 26 groups

7

of Defaulting Defendants. They should bear the costs of these default judgment proceedings, not the dismissed or litigating Defendants who appeared in the action.

25. It is my opinion that Venable's legal services were necessary and not duplicative of work performed by WNJ attorneys.

26. As reflected on the spreadsheet at **Exhibit C** in green highlighting (to denote tasks for which North Atlantic seeks fees/costs), WNJ legal professionals, including myself, had the following billed hours and invoiced fees for the Proceedings, spanning March 2017 through January 29, 2020, excluding any fees that are not attributable to the Defaulted Defendants.

| Attorney | Billed Hours | Total Fees For Relevant Proceedings |
|---|---|---|
| Lyndsay S. Ott | 152.70 | $47,461.00 |
| David Eberhard | 1.1 | $544.50 |
| Brian Wassom | 2.2 | $539.50 |
| Daniel Brick | 3.5 | $945.00 |
| TOTAL: | 159.50 | $49,490.00 |

8

Additionally, WNJ charged North Atlantic the costs which were disbursed to North Atlantic on WNJ's bills (*see* **Exhibit D**). Time and costs were written off if they were redundant, excessive, or unproductive. It is my opinion that the fees and costs were reasonable for the work that needed to be performed, and was performed, in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 5, 2020, at Clinton Township, Michigan.

*/s/ Lyndsay S. Ott*
Lyndsay S. Ott

19572055